UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

In re:                                                              Case No. 9:07–bk–11985–ALP
                                                                  Chapter 7

Colleen Phillips LoRae
aka Colleen P Leffler
6051 Tuscany Ct., Apt. 307
Sarasota, FL 34243

_____Debtor\*_____/

ORDER SUSTAINING TRUSTEE'S
OBJECTION TO PROPERTY CLAIMED AS EXEMPT

     THIS CASE came on for consideration on the objection to the Debtor's claim of exemptions ("Objection to Exemptions") filed by the Chapter 7 Trustee ("Trustee"). It appears from a review of the Objection to Exemptions that it solely relates to the value of the property claimed as exempt ("Property") only to the extent that such value exceeds that amount allowed as exempt under Florida law. It is, therefore, appropriate to sustain the objection for the purpose of preserving the Trustee's right to contest the valuation of the Property in the context of a motion for turnover. Accordingly, it is

   ORDERED:

    1. The Objection to Exemptions is sustained to the extent the value of the Claimed Property exceeds the allowable exemptions under Florida law.

    2. To the extent the Debtor has claimed personal property as exempt in schedule C under article X, section 4(a)(2) of the Florida Constitution or section 222.25(1) and (4), Florida Statutes, the Debtor shall be limited to the amounts of the aggregate personal property and vehicular exemptions provided for by those exemption provisions, and all property that exceeds such amounts shall be deemed property of the estate and subject to administration by the Trustee.

    3. In the event there is a dispute as to the value of the Property claimed as exempt, the Court shall determine the value of the Property in connection with a motion for turnover filed by the Trustee.

    4. This Order is without prejudice to the Debtor's claim that personal property is exempt or immune under any provision of the law other than article X, section 4(a)(2) of the Florida Constitution or section 222.25(1) and (4), Florida Statutes.

5. If either party requests reconsideration of the terms of this Order, the Court shall promptly schedule a hearing to consider the motion *de novo* .

DONE AND ORDERED on January 18, 2008 .

_____
Alexander L. Paskay
United States Bankruptcy Judge

*All references to "debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.